## WESTCHESTER FIRE INS. CO. v. BUFFALO HOUSEWRECKING & SALVAGE CO.

## THE FRANK J. FOBERT.

### No. 315.

Circuit Court of Appeals, Second Circuit.

July 3, 1942.

---

Purdy & Lamb, of New York City (Edmund F. Lamb, of New York City, of counsel), for appellant.

Wilcox & Van Allen, of Buffalo, N. Y. (Selby G. Smith, of Buffalo, N. Y., of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

### PER CURIAM.

This litigation arose out of the destruction by fire originating in her cargo of the barge Frank J. Fobert during a voyage from New Haven, Connecticut, to Buffalo, New York, in August 1937. The hull underwriter of the barge, after paying her owner for a total loss, brought the present suit against the cargo owner by right of subrogation, claiming a breach of the contract of affreightment which bound the shipper to make good any loss caused by shipping "dangerous goods without previous full written disclosure to the carrier of their nature." Negligence was also claimed in shipping a dangerous cargo without notice of its character. The cargo consisted of metal turnings and borings.

Concededly, the materials in question, as such, are not a "dangerous" cargo; but, if wet, and especially if they contain oily cotton waste, they become susceptible to spontaneous combustion. The careful removal of such waste is considered the best precaution against fire occurring in storage or shipment. In an opinion, which carefully reviews the evidence, the district judge found that the cargo was an average cargo of turnings and borings, did not contain any excessive amount of moisture or waste material, and was not dangerous; he concluded that neither negligence nor breach of contract by the shipper was proven, and consequently dismissed the libel. 40 F.Supp. 378.

To succeed the appellant must upset the foregoing findings of fact, which he cannot do. There is testimony to support each of them. It is true, the evidence shows the existence of some moisture and some waste material, but no more than in an average cargo of turnings and borings. The purchaser from the shipper accepted the cargo as satisfying the trade definition of such material, which indicates that there was no excessive amount of waste, and corroborates Mr. Kasden's testimony to that effect. Whether this cargo was of "dangerous goods" depended upon whether the turnings and borings contained enough moisture and waste when loaded to make them of that nature as the phrase was used in the bill of lading. Upon the evidence Judge Knight found they were not "dangerous goods." That finding is not disproved by the fact that the particular cargo heated and took fire. As shown by Pamphlet No. 7 of the Bureau of Explosives the risk of fire is not sufficient to cause the material to be classed as inflammable by the I.C.C. regulations or declined for shipment by steamship companies. The shipper is not an insurer against the hazard of fire in an average cargo.

Disposal of the case upon the findings of fact renders unnecessary discussion of the further reason given by Judge Knight for denying libellant recovery, though we may say that in that respect also we think he was right. Decree affirmed.